OPINION
Plaintiff-appellant, the State of Ohio, appeals a decision of the Butler County Court of Common Pleas granting the suppression motion of defendant-appellee, Scott Lunce. Since we conclude that appellee's constitutional rights were not violated, we reverse the decision of the trial court.[1]
On April 6, 2000 at approximately 2:30 a.m., Officer Michael Rosenbaum of the Monroe Police Department was on routine patrol when he observed appellee driving southbound on Cincinnati-Dayton Road. Appellee was traveling approximately forty-five m.p.h., the posted speed limit. Officer Rosenbaum followed the vehicle for approximately one mile. During that time appellee violated no motor vehicle traffic laws, but he slowed his vehicle to thirty m.p.h. Without any urging or direction from Officer Rosenbaum, appellee pulled over onto the berm of the road. Officer Rosenbaum parked on the berm behind appellee's vehicle; Officer Rosenbaum did not activate his overhead lights.
As Officer Rosenbaum sat in his cruiser, appellee exited his vehicle and approached him. Appellee asked Officer Rosenbaum for directions to "Buster's," which reportedly is a bar in Middletown, Ohio. Officer Rosenbaum asked appellee to return to his car and sit down; the officer told appellant that he would be with him in a moment. Appellee complied. During his brief encounter with appellee, Officer Rosenbaum did not notice any indication that appellee was impaired; appellee did not stagger, his speech was not slurred and he did not smell of alcohol.
Officer Rosenbaum then activated his overhead lights for safety reasons. He walked to appellee's car and asked for identification. Appellee indicated that he left his driver's license at home. Officer Rosenbaum asked appellee for his name, date of birth and social security number. The officer returned to his cruiser to check the identification information appellee provided. The social security number was registered to a different name than the one given by appellee.
Officer Rosenbaum promptly returned to appellee's car. This time, he detected a light odor of alcohol. Officer Rosenbaum asked appellee if he had been drinking. Appellee stated that he consumed two forty-ounce beers. Appellee admitted he lied about his social security number and stated that his license had been suspended. Appellee stated several times to Officer Rosenbaum that he "had too much to drink" and he "was too drunk to drive."
Appellee was asked to perform field sobriety tests, which he failed. He was arrested and charged with driving while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1) and (A)(3). Appellee filed a motion to suppress on the basis that the evidence of DUI was the fruit of an unconstitutional seizure. The trial court granted appellee's motion on the basis that Officer Rosenbaum lacked reasonable articulable suspicion to detain appellee. The trial court concluded that Officer Rosenbaum unlawfully seized appellee when he told appellee to return to his car because his "freedom of movement was significantly curtailed," and Officer Rosenbaum testified that he would have pursued had appellee tried to leave the scene. Pursuant to R.C. 2945.67(A) and Crim.R. 12(J), the state of Ohio appeals the trial court's decision granting the motion to suppress.
In a single assignment of error, the state contends that the trial court erred by concluding that Officer Rosenbaum violated appellee'sFourth Amendment rights. Specifically, the state argues that the encounter between appellee and the officer was consensual that did not require reasonable articulable suspicion or probable cause. We agree.
In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. State v. Anderson (1995),100 Ohio App.3d 688, 691; State v. Williams (1993); 86 Ohio App.3d 37,41. However, an appellate court independently determines without deference to the trial court whether the court applied the appropriate legal standard to the facts. Id.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. See, e.g., UnitedStates v. Hensley (1985), 469 U.S. 221, 226, 105 S.Ct. 675, 678. Accordingly, a police officer must be able to cite to articulable facts that give rise to a reasonable suspicion that an individual is currently engaged in or is about to engage in criminal activity to conduct an investigatory stop within the parameters of the Fourth Amendment. Terryv. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880. Reasonable suspicion connotes something less than probable cause, but something more than an "inchoate and unparticularized suspicion or hunch." Id. at 27,88 S.Ct. at 1883.
However, all personal encounters between law enforcement officials and citizens are not "seizures" that implicate Fourth Amendment guarantees.Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386. Even when officers lack reasonable articulable suspicion, they may generally approach an individual and ask questions, Florida v. Rodriguez (1984),460 U.S. 491, 501, 105 S.Ct. 308, 310-311, ask to examine identification, INS v. Delgado (1984), 466 U.S. 210, 216,104 S.Ct. 1758, 1762, and request consent to search luggage. Bostick,501 U.S. at 434, 111 S.Ct. at 2386. The inquiry used to determine whether a particular encounter is a seizure is whether, taking into account all of the surrounding circumstances, a reasonable person would feel free to decline the officer's request or terminate the encounter. Bostick,501 U.S. at 436-37, 111 S.Ct. at 2387. As long as a reasonable person would feel free to disregard the officer, the encounter is consensual and no reasonable suspicion is required. Bostick, 501 U.S. at 434,111 S.Ct. at 2386.
These same principles also apply to citizens in motor vehicles. Some encounters between police officers and citizens in vehicles are purely consensual and do not implicate Fourth Amendment rights. See, e.g., Statev. Johnston (1993), 85 Ohio App.3d 475, 478. Generally, an officer's approach and questioning of the occupants of a parked vehicle does not constitute a seizure and does not require reasonable, articulable suspicion of criminal activity. State v. Boys (1998), 128 Ohio App.3d 640,642; City of Hamilton v. Stewart (Mar. 5, 2001), Butler App. No. CA2000-07-148, unreported; State v. Robinson (Sept. 8, 1997), Warren App. No. CA97-04-093, unreported. A person who is followed by a police officer and voluntarily pulls over without any signal from the officer has not been seized. State v. Sandlin (Oct. 23, 2000), Warren App. No. CA2000-01010, unreported; State v. Osborne (Dec. 13, 1995), Montgomery App. No. CA 15151, unreported. An officer does not necessarily seize the occupants of a parked car by shining a spotlight into the car, State v.Schwab (Jan. 29, 2001), Clermont App. No. CA2000-07-055, unreported, or by parking a police cruiser perpendicular to the car. State v. King
(Aug. 23, 1999), Clermont App. No. CA98-12-123, unreported. When a citizen parks his vehicle and initiates contact with an officer, the officer's activation of overhead lights on the police cruiser for safety reasons does not convert the encounter into a seizure. Johnston,85 Ohio App.3d at 479; State v. Osborne (Dec. 13, 1995), Montgomery App. No. CA 15151, unreported. As with any encounter between an officer and a citizen, a court must look to the totality of the circumstances to determine whether a police-citizen encounter involving motor vehicles is consensual or a seizure. Id.
Based upon the totality of the circumstances in this case, we find that Officer Rosenbaum's initial contact with appellee was a consensual encounter, not a stop or seizure that implicates Fourth Amendment scrutiny and requires reasonable suspicion. The record demonstrates that the officer followed appellee for a short distance before appellee pulled off of the road onto the berm. Nothing in the officer's following of appellee amounted to a show of authority that would have made a reasonable person feel compelled to stop his vehicle. There is no evidence that Officer Rosenbaum activated his overhead lights, turned on his police siren, or signaled appellee in any way to pull over.
After Officer Rosenbaum parked behind appellee, appellee exited his vehicle and approached the police cruiser. Appellee initiated a consensual contact with Officer Rosenbaum by approaching and asking for directions to a bar. The officer asked appellee to return to his vehicle and told him he would be with him in a moment. Before exiting his cruiser, Officer Rosenbaum activated his overhead lights. Officer Rosenbaum testified that he activated the overhead lights and asked appellee to return to his car for safety reasons. The berm was dark, bordered by a field and closed stores, and it was approximately 2:30 a.m. Under these circumstances, Officer Rosenbaum's actions were mere safety precautions, not a show of force or authority that constituted a seizure. See Johnston, 85 Ohio App.3d 475, 479; State v. Osborne (Dec. 13, 1995), Montgomery App. No. CA 15151, unreported.
After appellee returned to his vehicle, Officer Rosenbaum asked to see appellee's identification. Since the encounter to this point was entirely consensual, the officer's request to see appellee's identification did not create a seizure. Yet, the trial court concluded that Officer Rosenbaum unlawfully seized appellant when he told appellee to return to his car because his "freedom of movement was significantly curtailed" and Officer Rosenbaum testified that he would have pursued had appellee tried to leave the scene. However, an officer's subjective intentions are irrelevant to an assessment of the Fourth Amendment implications of his conduct, except to the extent the intent has been conveyed to a confronted person by a show of force of authority. See Michigan v.Chesternut (1988), 486 U.S. 567, 575 n. 7, 108 S.Ct. 1975, 1980. Officer Rosenbaum never told appellant that he was not free to leave and there is nothing in the record to indicate that the officer acted in any way that would have led a reasonable person to believe he was not free to leave.
Appellee responded to Officer's Rosenbaum's request for identification by providing his name, date of birth and a social security number. When Officer Rosenbaum discovered that the social security number was incorrect, appellee admitted he lied about his social security number before Officer Rosenbaum had a chance to inquire further. Appellee also voluntarily stated that his license had been suspended. Officer Rosenbaum detected the smell of alcohol in the car and asked appellee if he had been drinking. Appellee stated that he had consumed two forty-ounce beers and was "too drunk to drive." Appellee's statements gave Officer Rosenbaum the requisite reasonable, articulable suspicion for an investigative detention.
Since Officer Rosenbaum's initial contact with appellee did not constitute a seizure implicating the Fourth Amendment, the trial court erred by granting the motion to suppress. Accordingly, the assignment of error is sustained.
Judgment reversed and cause remanded for further proceedings.
POWELL, J.
YOUNG, P.J., and WALSH, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.